In the Matter of George Calvin RANKIN, Jr. a/k/a "Buzz Rankin" and Dorothy Rankin, husband and wife, Debtors.

**FIRST NATIONAL BANK OF MERCER COUNTY, Plaintiff,**

v.

George Calvin RANKIN, Jr. a/k/a "Buzz Rankin" and Dorothy Rankin: and Henry S. Moore, Trustee, Defendants.

**Bankruptcy No. 81–00626.**
**Adv. No. 82–0388.**

United States Bankruptcy Court, W.D. Pennsylvania.

June 26, 1985.

Henry E. Sewinsky and Rodgers, Perfilio, Heiman and Sewinsky, P.C., Sharon, Pa., for plaintiff.

John Edward Calior, Hermitage, Pa., for debtors.

Henry S. Moore, Grove City, Pa., trustee.

## MEMORANDUM AND ORDER

WM. B. WASHABAUGH, Jr., Bankruptcy Judge.

The within action was filed by the First National Bank of Mercer County to obtain relief from the automatic stay so it can collect renewal premiums owed by the New York Life Insurance Company to the debtor under a continuing contract which said debtor assigned as collateral for a loan he contracted with the aforesaid bank. The premiums were payable over a number of years and it was on the strength of the assignment that the bank approved the debtor's loans.

At the time the action was filed, the indebtedness of the debtor to the bank was in excess of the sum of $130,000.00 now reduced to approximately $50,000.00 under a stipulation of the parties hereto attached, and the New York Life Insurance Company agreed to deposit the premiums with the trustee to be held in escrow pending disposition of the proceeding to which it has not been made a party.

The debtor and the trustee filed petitions for payment of the premiums to them, and the court rendered an opinion dated May 18, 1984, of which copy is hereto attached.

The New York Life Insurance Company discontinued making payments to the trustee for no reason on the record, and the proceeding has been brought before us again for definitive action on the First National Bank's requested vacation of stay and the conflicting actions of the trustee and debtor for payment of the renewal payments to them.

The holder of an assigned contract right or secured transaction is entitled to continuity of interest in the subject collateral and identifiable proceeds thereof under Section 9306(b) of the Uniform Commercial Code without right of termination or modification by the debtor or his trustee in bankruptcy except that of providing adequate protection against loss by the creditor under a petition to use "cash collateral" which must be approved by the Court after hearing on notice: 11 U.S.C. § 363. No such relief has been requested by the debtor and it follows that his application to terminate the assignment of the renewal premiums as of the date of bankruptcy must be refused. See also our attached opinion dated May 18, 1984, that monies due under a contract assigned by a debtor as collateral for payment of a loan is irrevocable until full payment of the obligation.

The position of the trustee that the assignment should be revoked and the premiums paid to him because of the require-

ment in the "NYLIC" contract with the debtor and assigned to the bank that the written consent of the New York Life Insurance Company to become effective should also be denied because said requirement of consent was placed in the contract for the protection of the insurance company and it waived the same when it made a number of payments to the trustee to be held in escrow for the First National Bank of Mercer County which it later ceased doing without the approval of the Court or the bank for no apparent reason of which we are aware, and further, because it admitted its obligation to pay the premiums to the bank in correspondence admitted to the record.

It is accordingly ORDERED, ADJUDGED and DECREED as follows:

1. That the automatic stay under 11 U.S.C. § 362 of the Revised Bankruptcy Code is vacated in favor of the Plaintiff in order that it may proceed against the New York Life Insurance Company to collect the assigned premiums to the extent of the balance owing to it by the debtor, subject to the right of said plaintiff to apply to the Bankruptcy Court for a judgment against said New York Life Insurance Company and an order directing it to pay the premiums due the debtor to the plaintiff bank to the extent of the balance due it on the loan and any amounts in excess thereof as the Court may order, and to have the insurance company cited for contempt if it continues to withhold the payments after being made a party hereto.

2. That the Trustee should file his first and final account as soon as possible so that a final order may be made directing disposition of the balance of the premiums after paying the bank's indebtedness therefrom and from premiums already in the hands of the trustee and disposing of any excess balance, and fixing the commissions of the Trustee and for his legal services as attorney pro se and the other costs of the proceedings and distributing the proceeds of sale of other assets.